

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00153-CR
_____

CAGE CHAPARRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-437,245; Honorable Jim Bob Darnell, Presiding

May 12, 2016

## ORDER GRANTING MOTION FOR REHEARING, ABATING FOR SUPPLEMENTATION OF THE RECORD, AND EVALUATION OF APPELLANT'S RIGHT TO COUNSEL

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On March 21, 2016, following the filing of an *Anders* brief by appellate counsel,[1] this court issued a *Memorandum Opinion* affirming the judgment of the trial court,

---

[1] Appellant's court-appointed counsel, Mike Brown, filed a motion to withdraw, supported by a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), alleging there were no non-frivolous issues that would support an appeal.

granting Mr. Brown's motion to withdraw, and remanding the case to the trial court for the entry of a judgment *nunc pro tunc* to correct a clerical error. *Chaparro v. State*, No. 07-14-00153-CR, 2016 Tex. App. LEXIS 2874, at *7-8 (Tex. App.—Amarillo March 21, 2016, no pet. h.). Now pending before this court is Appellant's *Motion for Rehearing*, filed by new counsel, Allison Clayton, asserting that this court could not have made an independent review of the entire record to determine if there were any non-frivolous issues that were preserved in the trial court which might support a meritorious appeal, as required by the dictates of *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988), and *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), because the record before this court is incomplete. Specifically, counsel has advised this court for the first time that Appellant was sixteen years old at the time the alleged offense was committed and she, therefore, contends the record is incomplete because it contains no reference to any proceeding whereby Appellant was certified to be tried as an adult.

MOTION FOR REHEARING, SUPPLEMENTATION OF THE RECORD, AND REBRIEFING

Section 54.02 of the Texas Family Code governs the process for certification of a juvenile to be tried as an adult and for the transfer of jurisdiction from a juvenile court to an adult court. TEX. FAM. CODE ANN. § 54.02 (West 2014). Before a juvenile court may waive its exclusive original jurisdiction and transfer a child to an appropriate district court for felony criminal proceedings, "the juvenile court [must] determine[] that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings" as an adult. *Id.* at §

2

54.02(a)(3).  In a certification proceeding, the juvenile court "shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings."  *Id.* at § 54.02(c).  If the juvenile court determines that it is appropriate to waive its original jurisdiction, "it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the person to the appropriate court for criminal proceedings and cause the results of the diagnostic study of the person . . . to be transferred to the appropriate criminal prosecutor."  *Id.* at § 54.02(h).  On transfer, the juvenile shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure.  *Id.*  If a juvenile is transferred to a criminal court pursuant to section 54.02, the petition for discretionary transfer and the order of transfer become a part of the district clerk's public record.  *Id.* at § 54.02(s).

Here, the clerk's record does not contain a petition for discretionary transfer or an order of transfer.[2]  In fact, the current record is devoid of any reference to a certification proceeding.  Furthermore, the reporter's record does not contain a transcript of the transfer hearing.  Because the instant appeal was Appellant's first opportunity to appeal the juvenile court's decision to transfer his case,[3] the State has conceded, and we agree, that the appropriate remedy is to withdraw our opinion and judgment of March 21, 2016, and order the supplementation of the clerk's record and reporter's record to

---

[2] We note that while counsel for Appellant did not specifically designate the petition for discretionary transfer and order of transfer for inclusion in the clerk's record, he did designate "[a]ll motions and pleadings filed by the state . . . ."

[3] Although a juvenile may now appeal an order entered under section 54.02 respecting transfer of the child for prosecution as an adult at the time the order is entered, TEX. FAM. CODE ANN. § 56.01(c)(1)(A) (West Supp. 2015), at the time of the transfer hearing in question the law required a juvenile to wait until he was convicted of the offense for which his case was transferred before he could appeal the transfer.  *See* former TEX. CODE CRIM. PROC. ANN. art. 44.47(b), enacted by Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 85, eff. Jan. 1, 1996, repealed by Act of May 22, 2015, 84th Leg., R.S., ch. 74 § 4, eff. Sept. 1, 2015.

3

include those documents. Because we are ordering supplementation of the appellate record, upon supplementation, Appellant and the State may file an amended brief in accordance with the timetable established by Rule 38.6 of the Texas Rules of Appellate Procedure.

MOTION TO WITHDRAW

Because withdrawing our opinion and judgment of March 21, 2016, has the effect of vacating our order granting Mr. Brown's motion to withdraw, we consider it appropriate to now address that motion in light of current circumstances. Those circumstances include the fact that, while acting as court-appointed counsel, Mr. Brown has heretofore filed an *Anders* brief expressing his conclusion that there are no non-frivolous issues that would support an appeal while Ms. Clayton has filed a pleading as Appellant's attorney contending that there are meritorious issues. Under these circumstances we find it appropriate to grant Mr. Brown's motion to withdraw.

EVALUATION OF APPELLANT'S RIGHT TO COUNSEL

Because we do not know the circumstances under which Ms. Clayton has made her appearance in this cause, we consider it appropriate to abate this appeal and remand the cause to the trial court for a determination of the status of Appellant's legal representation and an evaluation of his right to counsel. On remand, upon notice to all parties, the trial court is directed to use whatever means necessary to determine:

(1)     whether Appellant desires to prosecute this appeal;

(2)     whether Appellant is presently represented by retained counsel; and

(3)     if Appellant is not represented by retained counsel, whether he intends to retain counsel or whether he is indigent and, therefore, entitled to court-appointed counsel.

4

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court determine that Appellant desires to prosecute this appeal and that he is indigent and entitled to the appointment of counsel, we further direct the court to appoint counsel to represent him and include within its findings of fact the name, address, phone number, fax number, and state bar number of appointed counsel.

The trial court shall file its findings of fact and conclusions of law with the trial court clerk and cause a supplemental clerk's record to be forwarded to the clerk of this court on or before June 24, 2016. Should additional time be needed to perform these tasks, the trial court may request the same, in writing, on or before June 17, 2016.

CONCLUSION

We hereby grant Appellant's motion for rehearing, withdraw our opinion and judgment of March 21, 2016, grant Mike Brown's motion to withdraw, abate this appeal, and remand this cause to the trial court for supplementation of the record and determination of the status of Appellant's legal representation and his right to counsel.

Patrick A. Pirtle
Justice

Do not publish.

5